## Long *v.* Long et ux.

In case by husband and wife, for slanderous words spoken of the wife, brought by *A. L and C. his wife*, where the declaration stated " whereby the said C. L. lost, &c.," and the plea of justification was " as to the words complained of being spoken against C. L., wife of A. L. ;" *held*, that there were proper parties to the action.

After a trial, on the merits, in slander, this court will not reverse a judgment on the grounds that there was no replication to defendant's plea of justification, and no issue joined thereon.

Error to the District Court of Alleghany county.

*Sept.* 17. This was an action of slander for words spoken of the wife, brought by Alexander Long and Catharine his wife,

the defendants in error, against John S. Long, the plaintiff in error.

The facts of this case, so far as they are material to the points raised and decided here, and the pleadings therein, are fully and circumstantially stated in the opinion of this court.

*Woods* and *Thaler*, for plaintiff in error.—There is no issue joined on the plea of justification, and that is only to part of the declaration. The action was brought in the name of "Alexander Long and Catharine his wife." There are no proper parties, plaintiffs, to the record. The suit should have been brought in the names of Alexander Long and Catharine Long. This misdescription is the fault of the plaintiffs. 1 Chitty's Plead. 229; 6 Comyn's Dig., title *Pleader*, C. a, T. 47.

*Hampton* and *Mahon*, contra.—Errors in pleading, not taken advantage of before verdict, cannot be afterwards. 17 Serg. & Rawle, 117; 5 Watts, 418; 6 Watts, 518; 7 Watts, 327; 4 Wharton, 498; 7 Serg. & Rawle, 309; 10 Watts, 265; 16 Serg. & Rawle, 350; 5 Serg. & Rawle, 593.

There is a general plea of justification not withdrawn. The objection, that there were not proper parties to the record, is not sustained. 1 Serg. & Rawle, 257; 6 Binn. 24.

*Sept.* 22. BURNSIDE, J.—This is an action of slander. But two exceptions have been seriously pressed on the consideration of the court. 1st. Whether there were sufficient parties to the action. 2d. Whether the cause was at issue. The record shows that the action was brought by *Alexander Long and Catharine his wife*, against John S. Long. The declaration commenced by stating, that John S. Long was attached to answer *Alexander Long and Catharine his wife*, of a plea, &c. It proceeded in the usual form, averring the good character of the said Catharine, stating, "*By means whereof, the said Catharine Long, the love and affection of her said husband*," &c. The words were laid with proper averments, that "Doctor Morris has had carnal connection with Caty Long." In the same count, there were other words laid, viz.: "Damn old Caty Long," the said Catharine still meaning, "I myself have known her private parts." This is the substance of the gross, slanderous words all laid in one count. To this declaration the defendant first pleaded, *not guilty*, but afterwards withdrew that plea, and pleaded *justification*. Two days after this, he had his plea of justification drawn out at length and filed. In which "as to the

wrong and injury, for plea in this behalf, as to the speaking and publishing of the said several words, of and concerning *the said Catharine Long, wife of the said Alexander Long*, as in the said declaration mentioned, the said John Long, by leave of the court, &c., averring, that the said Catharine, on the first day of April, 1842, at the county of Allegheny, had carnal knowledge with ——— Morris, in the declaration mentioned, and then and there, being the wife of the said Alexander, &c., did commit adultery."

Without further pleading, the case went to trial on the merits. The jury returned a verdict for $3000 damages. The defendant moved the court for a new trial. To induce the court to grant it, he filed his affidavit, declaring he never had carnal connection with the wife of the plaintiff, nor any improper intercourse. That he had no recollection of having charged the plaintiff's wife with adultery, with Doctor Morris. On the suggestion of the court, the counsel of the plaintiff remitted one thousand dollars of the verdict. The court then overruled the motion for a new trial, and entered judgment. We think there were sufficient parties to the action. That Alexander Long and Catharine his wife were Alexander Long and Catharine Long. This the declaration states, and the justification avers. This court will not reverse on such an alleged error, nor will they reverse after a trial on the merits for the omission to join issue. 10 Serg. & Rawle, 375. In Sauerman *v.* Weckerly, 17 Serg. & Rawle, 116, there was neither plea nor issue, and this court held, that after going to trial on the merits, they would not reverse the judgment.

It is contended, these were actions *ex contractu*, debt and assumpsit. In trespass to real property: *Held*, that omission to perfect the pleading is a tacit agreement to waive matters of form, and try the case on its merits. Collum *v.* Andrews, 6 Watts, 516. No good reason can be given why the same rule should not prevail in slander. Character is more dear to a person than property. I can feel no commiseration for a person who basely proclaims that he had carnal connection with a grandmother, and afterwards swears it was false.

The judgment is affirmed.