## ELMYRA WEATHERSBY et al. *v.* HUGH SINCLAIR.

1. PLEADING AND AMENDMENTS.—The object of pleading is to state in concise form, and by positive averment, the facts constituting a cause of action on the one side, and the grounds of defense on the other, and this altercation is to be continued till the parties arrive at a distinct issue, of law or fact, that shall fairly dispose of the suit upon its merits. And our statutes relating to pleadings and amendments have greatly enlarged the powers of the courts to facilitate this object.

2. SAME—CASE IN JUDGMENT—MECHANICS' LIEN.—A mechanic and material man who has commenced a personal action to recover for building a house and furnishing materials, may, after plea filed, change his form of action and substitute, in lieu of his declaration in *assumpsit,* a proceeding in *rem,* to inforce a mechanic's and material man's lien.

QUÆRE: If *assumpsit* were brought on a sealed instrument, could the court decline to permit the form of action to be changed to debt or covenant?

3. MECHANIC'S AND MATERIAL MAN'S LIEN.—The court reiterates the rule laid down in Buchanan v. Smith & Rarksdale,* at this term, that the statutes, securing a lien for the wages and price of materials for building, shall be liberally construed in favor of the mechanic—especially in view of the fact that the class of persons intended to be benefitted are often unlettered.

4. CORRECTION OF ERRORS IN SUIT FOR MECHANIC'S LIEN.—A judgment upon proceedings to inforce a mechanic's and material man's lien, involving, as those proceedings often do by our statute, many interested and opposing parties—claims and counter claims—may be partly good, and partly erroneous. For example, the judgment may be good as a personal judgment, but erroneous in decreeing a sale of

* Vide *supra,* p. 90.

land. And in such cases the Supreme Court will not reverse the decision *in toto*, but only in so far as it shall appear to be erroneous.

5. POWER OF ADMINISTRATOR TO CREATE LIEN ON REAL ESTATE.—An administrator cannot, by his contract with a builder, bind the estate of his intestate to pay for mechanical labor or materials for a house ; but the house built under such a contract may be subjected and sold. See Rev. Code, p. 327, art. 3.

Error to the circuit court of Lawrence county.  McNAIR, J.

The following errors were assigned by the plaintiff in error :

1st. The court erred in allowing the substitution of the petition of the defendant in error to inforce the mechanics' lien, in lieu of his declaration in *assumpsit*.

2d. The court erred in its rulings on the demurrer of defendants—minors.

3d. The court erred in overruling the demurrer of Mrs. Weathersby to the petition.

4th. The court erred in rendering judgment against the administrator for $550.

5th. The court erred in rendering a money judgment against all the defendants.

6th. Judgment for the entire costs of the suit against the defendants was erroneous.

7th. The second instruction for the plaintiff below was erroneous.

8th. The court erred in refusing the defendant a new trial.

*J. B. Chrisman,* for plaintiff in error,

Contended that the substitution by plaintiff in the court below of his suit to inforce the mechanics' lien, in lieu of his declaration in *assumpsit,* is not an amendment within the purview and meaning of the statute, but a dismissal of one suit and the commencement of another.  It throws the costs of the abandoned suit upon the defendant.  The statute was intended to relieve from mistakes which ordinary dilligence could not avoid, but it was not intended to allow a party to engraft replevin on a suit for money had and received, or the mechanics' lien on *assumpsit*.

2d. It was error to overrule the demurrer to the declaration.  Both Mrs. Weathersby and the plaintiff in error may have been mere trespassers.  She had no interest in the

land, nor had the administrator of her husband. They were all trespassers. The widow has the right to hold the dwelling house until her dower is set apart. She cannot encumber the land by contracts for erecting improvements on it.

3d. The demurrer of plaintiff in error should have been sustained. The point as to her interest is distinctly made in this demurrer. It is impossible to know from the petition whether a money judgment or not is demanded against defendants below.

4th. The court erred in its second instruction. There is no evidence to show that Dr. Weathersby acted as the agent for plaintiff in error.

5th. The judgment rendered is quite as indefinite as the declaration. Is it a money judgment or not? It was, doubtless, intended to be *in personam*, as well as *in rem*. The judgment is general against the defendants, and that the plaintiffs below have of and from them, $550, with interest, at six per cent.

6th. Again, this judgment is in reversal of the one rendered May, 1866. The court at that term adjudged the costs against the plaintiff below, but in this judgment the whole is saddled on the defendant below.

7th. The judgment was not supported by the evidence. All these parties, it is insisted, contemplated the payment of the plaintiff below out of the estate, and not that Mrs. Weathersby should bind herself individually.

*Harris & Withers*, for defendant in error.

The only substantial question in this case is whether the amendment of the complaint by which the plaintiff introduced a prayer of judgment to inforce his lien as a mechanic, on the house built by him, with the description of the house, was proper. The original complaint was to recover a personal demand, although it is stated that the debt arose out of a contract to which the law attached a lien. The point is, for the first time, we believe, presented to this court. The provisions of the Code, and the spirit of modern jurisprudence, favor a broad and liberal practice as to amendments.

Forms of proceedings should be adhered to to preserve regularity, certainty, and precision. All amendments should be allowed, to obtain these ends, and to reach substantial justice; provided, they do not prejudice the rights of litigants. The principle is that a failure in the first instance to pursue the form, shall not be fatal; provided, it can be remedied by amendment, without prejudice to the substantial rights in the suit. It is argued that to amend the prayer of judgment is equivalent to bringing a new action.

Amendments of the description of the parties, of ground of action, or of the contract, are all liable to the same objection, if we look at forms merely. In *assumpsit* brought on a bill single, or a sealed instrument, on which covenant alone should be brought, an amendment should be allowed, because in these cases the identity as to the grounds of action is preserved, and there could be no prejudice to the rights of the defendant in his defense. The charge is merely in a matter of form. In this case there was no charge in the *ground* of action, or description of the contract. The plaintiff may have two remedies, and it would be sound policy to blend them into one if no prejudice results.

The action on the mechanics' lien includes in it that of *assumpsit*, if the contract was simple, and those of debt and covenant, if it was under seal, because a general, *personal judgment for the debt* is given, which is nothing more than the personal judgment in *assumpsit*, debt, or covenant, and there is the privilege attached to it of a special execution to sell the building and land, or the buildings alone. The judgment, in cases where the parties are served with process, is a bar to any other suit on the same grounds of action. Rev. Code, art. 11, p. 329. Where a party occupying land (as the widow did in this case, and rightfully, too), contracts for buildings or repairs, with a mechanic who does the work, the change of proceedings from a purely personal demand, including a personal judgment, to one including also the privilege of selling the buildings, works no injury, for in such case no interest but her own could be effected. A per-

sonal judgment could only go against the contracting party. Rev. Code, art. 11, page 329. Where a party is tenant or occupant only of a building, on premises he does not own, the building alone and such interest as he had in it, is bound. There was no consent by the heirs, and their inheritance was not involved. Rev. Code, art. 3, p. 327.

SIMRALL, J.:

The record presents this case:

H. Sinclair brought a suit in the form of *assumpsit* to the May term, 1864, of the Lawrence county circuit court, against Elmyra Weathersby, to recover a sum claimed for building a house, and furnishing materials, in part, therefor. To the same term the defendant pleaded: 1. *Non assumpsit*. 2. That the work was badly done.

At May term, 1866, on motion of plaintiff, he was allowed to change the form of the action from *assumpsit*, to a proceeding to enforce the mechanic's lien, and also to make new parties defendants. Accordingly H. Sinclair substituted a complaint, asserting a mechanic's lien on the buildings. The administrator of the deceased husband of Elmyra Weathersby and his heirs at law were made parties defendant. Elmyra Weathersby excepted to the action of the court in permitting this change in the form and mode of suit to be made.

At a subsequent stage, the suit was dismissed as to the heirs at law, and went to trial as to the widow, Elmyra Weathersby and the administrator. There was a verdict and judgment for the plaintiff, below, Sinclair; and the case is brought here by the defendants in the circuit court; who assign for error:

1. The ruling of the circuit court in allowing a substitution of the petition to enforce the mechanic's lien, in lieu of the declaration in *assumpsit*. The object of pleading is to state in concise form, and by positive averment, the facts constituting a cause of action, and the facts constituting the excuse, justification, or grounds of defense. This written controversy or altercation is continued until the parties come to some

material matter, affirmed on the one side and denied on the other, fit to dispose of the suit on its merits.

At common law the canons of pleading were meant to guide and lead the parties to this result—a material issue, of law or fact. Our statutes have enlarged the powers of the courts to extend to litigants a liberal helping hand—to put their pleadings in such shape as that the real, true merits of complaint or defense may be brought out and presented for trial and adjudication.

Sinclair begun his suit by a personal action against Mrs. Weathersby, counting on his contract for building the house, as a carpenter, and furnishing some of the materials therefor. The law attached (as he was advised) a lien on the structure, in addition to the personal obligation of the party with whom he contracted. This application to " substitute " pleading or amend, had this extent: " Permit me to present and claim the entire measure of my rights under my contract, in one suit. As begun I will not get all the benefits I am entitled to. As an incident of law, I have also a lien on the house. Allow me to introduce and contend for that also." Rev. Code, p. 508, art. 80. The court shall have full power and authority to allow all amendments in any pleading or " proceeding " at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial," etc. Among other things, the form of the action may be changed. A change in the form of action brings the necessity of a change in the judgment, different from that in which the original suit was brought. If *assumpsit* were brought on a sealed instrument, could the court decline to permit a change of action to " debt " or " covenant ? " The amendment of the " proceeding " in this case did not bring into the record any new or additional cause of action. The contract was precisely the same, the amount claimed was the same, the plaintiffs in error could have relied upon the same grounds of defense that were applicable to the action of *assumpsit*. That no sort of prejudice did or could accrue to them, is made manifest in the record. For they applied to

Sinclair and got his consent to make the pleas put into the *assumpsit*, applicable to the amended pleading.

There was no error in overruling the demurrer of the heirs and Mrs. Weatherby to the petition, which embraces the second and third assignments of error.

The plaintiffs in error were not prejudiced by the instructions granted at the instance of the other party, which disposes of the fourth assignment of error. The other assignments necessary to be passed upon, brings in question the judgment against M. A. Oatis, administrator, *de bonis non*, and the personal judgment against both defendants. The verdict finds the issue for the plaintiff, as against both defendants.

The judgment is that "the plaintiff recover from the defendants the sum of $550, with interest, etc., and that *distringas* issue, directing the sheriff to sell a framed dwelling house," etc. Oatis was defendant in his representative capacity, and if judgment could be entered up against him at all, it should have been to be levied *de bonis* of the intestate, and not against himself personally.

In this attitude of the case, the question arises, shall we reverse the judgment and remand the cause *in toto*, or can we sustain the judgment in part, and reverse in part?

Recently in the case of Buchanan v. Smith and Barksdale (*supra* p. 90), we had occasion to consider the "mechanic's lien law," and held that the provisions of that act should be construed in a spirit of liberality, to advance the primary end aimed at by the legislature, to-wit: securing to the mechanic and material man compensation for labor and materials, especially in view of the fact that the persons intended to be benefitted were very often unlettered. The remedy is purely statutory, and the several features of the act are to be looked at for interpretation of the whole, rather than the rules of the common law. Because the suit must be brought in the circuit court, it should not be concluded that the ordinary rules of practice governing that court necessarily apply. The first direction of the act is that

suit shall be by "petition." The entire proceeding is more assimilated to a suit in chancery, than at common law. Courts of law only take cognizance of legal titles. Art. 7, Code, 328: "All persons having an interest in the controversy, and all persons claiming liens under the act, on the same property, shall be made parties to the suit." A necessary absent party may be brought in by publication. Issues may be formed under the direction of the court, for the determination of matters controverted. Counter claims and adversary and conflicting lien claimants may be brought before the court. Of necessity, there must be issues, trials, and judgments, to meet these exigencies of parties and their claims; and there must be conceded to the court jurisdiction to mete out to all parties before it such remedy and relief as the facts and law warrant. The final judgment partakes of the nature of a final decree. It may be good in part, and bad in part. It may be good as a personal judgment, but erroneous as decreeing a sale of land. Now, where the widow and heirs unite in a writ of error, to reverse a judgment personal against the widow, and condemning the buildings and lands to be sold, if the the supreme court should be of opinion that the personal judgment was erroneous, must the whole case be sent back? Rather, would not that part of the judgment be vacated, and affirmed, so far as it directed a sale of the land?

The verdict and judgment is plainly erroneous as to the administrator *de bonis non.* At the time the contract was made with Sinclair, William Weathersby was the administrator. He promised to pay for the building out of the assets of Weathersby, deceased, if the probate court would allow the claim. But he could not obligate the estate, or incur a liability such as this and devolve it upon his successor.

The verdict and judgment against Elmyra Weathersby is correct, as is also the special judgment condemning the building to be sold. The building is liable under art. 3, p. 327, Rev. Code: "If any such building or improvement be

erected by a tenant or other persons, not being the owner of the land," etc., the building may be sold and estate of the tenant.

Mrs. Weathersby, the widow, was residing on the premises with her minor children. She had a right to be there until dower was assigned her. Although she could not bind the "fee" of the heirs, by any incumbrance she might create, yet, if not tenant in dower, she was "another person in possession actually," and where buildings are put up by such "other person than the owner," the latter cannot take the land, except subject to the burden of the mechanic's lien on the buildings.

We reverse the judgment as to all the defendants except Elmyra Weathersby. As to her we affirm the personal judgment, as also the special judgment, condemning the house to be sold. As to the other defendants, we remand the case with direction to dismiss as to them.