## JOHNSON vs. FILKINGTON.

CONTRACT.   (1) *Revocation of order for work and materials.   Presumption.*
EVIDENCE:   (2) *Properly rejected where it does not tend to prove the cause of action alleged.*
AMENDMENT OF COMPLAINT.   (3) *Not admissible to substitute new cause of action.*

1. An order for materials and work may be revoked at any time before acceptance; and where a revocation is shown, it will be *presumed* to have been in time, until the contrary appears.
2. Evidence is inadmissible which does not tend to prove *the cause of action alleged.*
3. In an action to enforce an alleged lien on defendant's house for work done and materials furnished under contract, there was no error in refusing

plaintiff leave, at the trial, to *substitute a new cause of action*, by amending the complaint so as to allege damages accruing to him from defendant's refusal to permit him to perform the contract.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for materials alleged to have been furnished and labor performed to the value of $26.60, pursuant to a contract, in the construction of a dwelling house for the plaintiff, viz., in erecting on said dwelling house a lightning rod. The complaint sets forth a petition for a lien on said dwelling house, etc., to the amount of said demand, alleged to have been filed in the proper clerk's office within the time prescribed by statute; and it demands judgment in the form usual in actions to enforce such liens. The answer was, in substance, that defendant had revoked the order for said rod after it was given, and that the rod was afterwards erected without his knowledge or consent, and plaintiff had refused to remove it at his request.

On the trial, plaintiff testified that he made a contract with defendant for the erection of a lightning rod on the house of the latter, about July 21, 1873, which was reduced to writing at the time; and he produced in evidence defendant's written order for the rod, of the date just stated. He further testified that he put up the rod two or three weeks after the order was given; that it still remained upon the house; that defendant, though several times requested, had never paid for it; and that before the rod was erected, he (plaintiff) had received from defendant a letter which in terms countermanded the order. The petition for a lien set out in the complaint was read in evidence; but the court held (for reasons which need not be stated here) that it was insufficient to establish a lien. Plaintiff also testified that some time after the erection of the rod, defendant promised to pay for it. Defendant testified, in substance, that he refused to pay for the rod, or make a promise of payment, and requested plaintiff to take it away. Plaintiff asked leave to amend the complaint so as to allege

therein that if, upon defendant's countermanding his order, plaintiff had desisted from the performance of the contract on his part, he would have suffered damage to the amount of $26.60. The amendment was refused, as was also plaintiff's offer to prove the fact so proposed to be alleged.

The court instructed the jury that after defendant's countermand of his order, plaintiff could not put up the rod and claim pay for it unless there had been a new arrangement between the parties; and it submitted to them the question whether defendant afterwards promised to pay for the rod. Verdict for the defendant; new trial denied; and appeal by the plaintiff from a judgment on the verdict.

The case was submitted by both sides on briefs.

*McMullen & Houts,* for appellant, argued, *inter alia,* that, to make a good defense, it should have been alleged and shown that defendant's countermand was given before plaintiff had been to any expense and trouble on account of the order; and that, plaintiff having offered to prove affirmatively the loss and damage in case he had desisted from erecting the rod, the evidence should have been admitted even under the original complaint (*Ganson v. Madigan,* 9 Wis., 146; 13 id., 67; and 15 id., 144); and that at least the court should have permitted the amendment, and then admitted the evidence. *Bonner v. Home Ins. Co.,* 13 Wis., 677; *Gardiner v. Kellogg,* 14 id., 605; *Wood v. Schettler,* 23 id., 501; *Danley v. Williams,* 16 id., 581; *Pellage v. Pellage,* 32 id., 136; *Giffert v. West,* 33 id., 617; *Matteson v. Ellsworth,* id., 488; *Smith v. Schulenberg,* 34 id., 41; *Pierce v. Carey,* 37 id., 232; *Masterton v. Mayor, etc.,* 7 Hill, 61; *Clark v. Marsiglia,* 1 Denio, 317; Judge Dixon's note, 5 Wis., 627. 2. If plaintiff had been permitted to show his damages as proposed, he could have enforced a lien upon the premises for the amount of such damages, if his petition was sufficient. Phillips' Mechanics' Liens, §§ 139, 149, and note; *Bank of Pa. v. Gries,* 35 Pa. St., 423; *Morrison v. Hancock,* 40 Mo., 561; *Beckel v. Petticrew,* 6

Ohio St., 247.  Counsel also argued at length the sufficiency of plaintiff's petition for a lien.

*Rogers & Hover*, for respondent, contended that after defendant had countermanded his order, plaintiff's only remedy was by an action for damages for breach of the contract (*Clark v. Marsiglia*, 1 Denio, 317), and for such damages he would have no lien; and that the proposed amendment, proposing to substitute a new cause of action, was properly denied.  12 Wis., 378; 19 id., 82; 23 id., 199.

COLE, J.  It seems to us the question whether the petition offered in evidence was sufficient to establish a lien, or not, becomes immaterial in view of the verdict and of the undisputed facts in the case.  The jury found, under the direction of the court, that the defendant neither accepted the rod after it was put up on the house, nor made any promise to pay for it.  No lien could, therefore, be claimed on the ground that the defendant had accepted the rod and had agreed to pay for it.  The court also instructed the jury, in substance, that it was an admitted fact in the case that the defendant sent the plaintiff a written countermand of the order for the rod before the same was put up on the house, and that after this countermand the plaintiff had no right to proceed and put up the rod and claim pay for it.  That such a written revocation was sent and received, there can be no doubt, because the plaintiff himself admits it in his testimony given on the trial.  The question then arises as to what were the rights of the parties after the revocation of the order.

There can be no doubt about the right of the defendant to withdraw his order for the rod at any time before it was accepted by the plaintiff.  For, until acceded to, it was a mere offer or proposal, liable to be retracted; and an acceptance, even, subsequent to the retraction, would be of no avail.  *M. E. Church of Sun Prairie v. Sherman*, 36 Wis., 404; Metcalf on Contracts, p. 15.  It does not appear that the

plaintiff had accepted the order before it was countermanded; and in the Sherman case above cited it was held that the presumption would be that the revocation was in time, until the contrary appeared. The order of July 21, 1871, was sent to the plaintiff, as we understand the testimony, and was not taken by an agent of his. The parties lived some little distance from each other, and it does not appear how that order was sent, whether by mail or otherwise. But it is a significant fact that the plaintiff, though sworn on his own behalf, did not state that he had received and accepted the order before it was revoked. Under this state of the proof, we see no objection to the direction of the court given the jury to find that the order for the rod was countermanded, and that the plaintiff, after that, had no right to proceed and perform the work as though the order were in force. For certainly the revocation of the order before the rod was put up, was not a fact left in dispute by the evidence.

Another exception relied on for a reversal of the judgment was the exclusion of certain evidence offered on the part of the plaintiff. The plaintiff offered evidence to prove the loss or damage he would have sustained if, after receiving the order, he had, upon its revocation, desisted from doing the work in accordance with the order. This evidence was objected to, and ruled out. That the evidence was inadmissible, as in no way tending to prove the cause of action set forth in the complaint, is a proposition too plain for argument. Says Prof. Greenleaf: "It is an established rule, which we state as the *first rule* governing in the production of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue." 1 Greenl. Ev., § 51. Within this fundamental rule, the evidence was properly excluded. But the plaintiff, in connection with this evidence offered, asked leave to amend his complaint by alleging that if, upon the order being countermanded, he had desisted from putting up the lightning rod,

he would have suffered loss and damage to the amount which he claimed to recover in the action. This amendment was objected to by the defendant, and the court refused to allow the amendment to be made. This ruling is relied upon as error.

It is very obvious that the proposed amendment entirely changed the cause of action stated in the complaint. The plaintiff in substance claimed to have performed work and furnished certain materials, namely, a lightning rod, in and about the construction of a dwelling house for the defendant, and that this was in pursuance of a contract entered into between the parties. And he asked that the value of the work done and materials furnished should be adjudged a lien upon the premises. Failing to establish this cause of action, because it appeared that the defendant had revoked the order for the work and materials, the plaintiff, by the amendment, sought to convert the action into one for damages for a breach of the contract. The amendment presupposes that the order had been accepted so that it was binding upon the parties. Now if the defendant undertook to revoke the order after it had been accepted, and refused to let the plaintiff put up the rod, he might have been liable to pay such damages as the plaintiff had sustained by this violation of the contract. But that is a cause of action quite different from the one stated in the complaint. One arises out of the performance of a valid contract; the other is for a refusal to permit the plaintiff to perform the contract. It is therefore apparent that by the amendment the plaintiff sought to substitute this cause of action for a breach of the contract for the one originally counted upon in the complaint. "This is not amendment, but substitution." We know of no case which has come before this court, where the power of amendment has been carried to the extent of allowing one cause of action to be substituted for another. And the refusal of the court to allow the proposed amendment, we think, was correct.

This disposes of all the material points in the case.

*By the Court.* — The judgment of the circuit court is affirmed.