SCIRE FACIAS on claim filed under the mechanics' lien law, Rev.Code 668, on the 25th day of January, 1875, for supplying and putting in the academy of the defendant, incorporated under the foregoing name, a heating apparatus under an express contract between the parties. There were sundry pleas entered, to which the plaintiffs had demurred both generally and specially, *Page 514 
and after the argument had proceeded upon them and the counsel for the defendant had closed his reply, but before the court had announced any opinion upon the question presented in it, which was whether the plaintiffs had filed their claim within the proper time limited therefor by the statute, the counsel for the plaintiffs asked leave to withdraw the demurrers and for a continuance of the case with leave to amend by substituting an action of assumpsit at common law in lieu of the present action or proceeding by scire facias under the statute for the amount of the claim which they alleged was justly due to the plaintiffs and amounted to a large sum of money, on paying the costs up to that time', and cited 5 Harr. 390.
The counsel for the defendant said that as this action was byscire facias under the statute to obtain a judgment for the amount of the claim with a specific lien on the academy instituted on the 25th day of January, 1875, and a sufficient time had since elapsed to bar by limitation an action of assumpsit upon it, or any other action that could now be instituted upon it, and as the sole object of the application was thus to escape the bar of the statute of limitations, he would most earnestly object to it. The motion was reargued at the next term and is embraced in this report.
Massey, for the plaintiffs: It was within the judicial direction of the court to grant the leave to amend if they sasproper to do it. Rev. Code 691, secs. 11, 15. It was simply to change the form and not the cause of action by a special couno in assumpsit at common law on the identical claim and account already on file in the court under the mechanics' lien statute. The authorities in support of such an amendment were abundant both in this country and in England. Such an amendment in the form of the action merely from assumpsit to debt was allowed in 6 Taunt. 419; 1 E. C. L. Rep. 433; 1Cromp. Mees. 772; Ibid, 111; 2 Cromp. Mees. 684; 1 M. W. 316. In this case the amendment was refused, but it sustains the preceding case, and the principle was likewise ruled in 10 M. W. 476; Ibid. 174; 13M. W. 556; 15 M. W. 558; and in this country in 31 N. J. 229; 39 Verm. 198; 6 Wend. 506;10 Wis. 81; 1 *Page 515 Wend. 93. It might, however, be objected on the other side that this application was to change the form of the action fromscire facias to an action of assumpsit, but not only was this authorized by the express words of our statute, but it had been so directly ruled under a similar mechanics' lien law in the State of Mississippi. 54 Miss. 251; 43 Miss. 189. While the general principle for which he was contending had been adopted by our own courts in Waples and Wife v.McIlvain's Admin., 5 Harr. 381; Ennis v.Ennis, 5 Harr. 390; Clark v.Pritchett, 5 Harr. 283; 1 Houst. 336; 4Houst. 100; 3 Otto 163; and in 1 Harr. Johns. 296, the change of the form of action fromassumpsit to trover was permitted and fromassumpsit to covenant in one count in the declaration, and to debt in another, were allowed in a case in Connecticut, the general statute of that State authorizing amendments in the form of actions, the cause of action remaining the same in that case.39 Conn. 355. To the like effect was 7 Allen, 202; 6Gray 323; 30 Ala. 640; 3 Sum. 379;124 Mass. 240; 3 Metc. 273; 23 Pa. 327;45 Pa. 403. But he would admit that if he proposed to change the cause of the action as well as the form of it, the amendment asked for could not be granted. 24 Conn. 27;62 Pa. 301; 3 Harr. 75. Our constitution provides for amendments in pleadings, and this application was within the scope and design of its provisions. Cons., art. 6, sec. 16.
The record of the suit showed that it was commenced by scirefacias under the mechanics' lien statute on the 25th day of January, 1875, and that the work of making and putting the heaters in the academy, which constituted the cause of action, was finished on the 29th day of December, 1874, or thirty-five days before the commencement of the suit, and which would also show that so far as time itself was concerned a sufficient period had elapsed to bar it under the statute of limitations before the defendant's pleas had been filed in the case, for the record would show that they were not filed until October, 1878. They had filed an affidavit of defense at the first term, but it was known they needed indulgence and it was extended from term to term with the hope that it would be settled without a trial, but that hope had not been realized, and he admitted that he had *Page 516 
made a mistake in commencing it too soon under the special provision of the statute applicable to such a case; but even under a provision of that statute he then had the option to sue in assumpsit at common law, and it neither indicates nor establishes the slightest preference for its own remedy over it, and where can there now be any well-founded objection to the proposed amendment except the bar of the statute of limitations, under the cover of which the defendant alone seeks shelter and immunity from the justice of this claim in another and a proper form of action? Such a consideration when standing alone, as in a case like this, has often constituted ground for the court to grant such an amendment.
Day, for the defendant: The cause of action is the right to sue; Bouv. Law Dict. 211. And no amendment can be allowed which creates a new cause of action or changes the proof. 49Maine 527; 39 Wis. 62; 2 Root 198. The plaintiffs had a good cause of action under the mechanics' lien law but brought their action too soon, and that could not be changed by an amendment, 19 Geo. 313, and no amendment will be allowed by a new cause of action which is barred by the statute of limitations. 23 Wis. 196; 10 Tex. 74; 4Yates 507; 6 S. R. 293; 27 Mich. 138. And an action commenced under one statute cannot be continued and prosecuted under another. 32 Md. 317; 12 Wis. 378. The plaintiffs having made their election to sue under the mechanics' lien law, could not afterward convert it into an action at common law. 57 Barb. 164. It cannot be done under the statute of jeofails. Rev. Code 691, sec. 15;51 Ill. 422; 13 Miss. 473; 7 Gray 429; 18 La. 20;1 Or. 169; 35 Pa. 423; 119 Mass. 459; 7Rep. 685.
E. Saulbury, on the same side, referred to the provisions of the constitution and of the statute in relation to amendments in pleadings, and said that as long as they had been in force no amendment had been allowed in our courts to change the form of action in any case. In Rhode Island the court has refused to allow an amendment to change the form of an action from trover to trespass, 2R. I. 540, and the same had been done in *Page 517 
the State of Wisconsin. 39 Wis. 62. Could the court amend the writ in such a case as this except in a matter of clerical error merely? It was issued against the express command of the statute that it should not be issued in less than sixty days or in more than ninety days after the completion of the work, and it was consequently absolutely null and void ab inito, and there was nothing to amend by. 4 Cow. 504. In New Jersey it has been held that the form of action under a particular statute could not be changed by amendment to another form of action either under a different statute or at common law, and yet the general statute for the amendment of pleadings in that State was much broader than ours. 31 N. J.L. Rep. 229. But before there could be any amendment there must be something to amend by. 1 Tidd. 161. In admiralty an action rem will not be changed by amendment into an actionin personam, although courts of admiralty are as liberal in allowing amendments as courts of common law. Brightly's Digest,page 21, par. 387. The English cases cited on the other side go back to the time when the plea of the statute of limitations was regarded with disfavor and discouragement, but in not one of them did the amendment allowed involve such a radical reconstruction of the whole case from the beginning as would be seen in this case should the proposed amendment prevail. An action in rem cannot be changed to an action in personam by any amendment. 57 Barb.
164.
Ridgely, for the plaintiffs: The provision in regard to amendments in civil pleadings and proceedings was incorporated in the constitution to restrict and prevent even the legislature from taking away that power from the courts, and the provisions of the statute of this State on the same subject were as liberal as those of any other State in the Union. But to show that the legislature did not intend to give to the statute under which this suit was clearly cognizable, but by a mere mistake was instituted prematurely, any such exclusive effect and operation as the counsel on the other side seemed disposed to arrogate and claim for it, he had only to call their attention to the express words of it, which provide that nothing contained in it shall be *Page 518 
held to abridge or impair the right to sue in any other form of action applicable to the claim or demand, or to resort to any concurrent remedy provided by law for the recovery of it.
One of their chief objections to the motion was that there was nothing in the case to amend by, but in the case of Ennis vEmits, 5 Harr. 390, cited by them, the very thing was done by this court which they have so confidently affirmed cannot be done by it, and which has been done over and over again, as the court will doubtless remember. But what is the office or the object of the original writ in any suit or form of action? The sole object of it is to bring the defendant in it into court to appear there to the cause of action of the plaintiff in order that it may be tried, and the service of which on the defendant is the first essential and indispensable step in the proceeding to give the court jurisdiction of it and the parties, but when he appears to it in court, as the defendant had long since done in this case, it is then to all intents and purposes practically functus officio, and of no further importance whatever in the prosecution of the suit. But if their doctrine were correct, what would become of the multitude of judgments that were annually entered in this court dibitum sinebreve, or in a suit where the defendant appears gratis or voluntarily without writ? The English cases cited by his colleague were not old cases but cases decided since the passage of Lord Tenterden's act, and the principle ruled in them was that in that country they will always allow the amendment when it makes no change in the cause of action to prevent the bar of the statute of limitations in case the plaintiff without it would be obliged to bring a new action. In the case cited on the other side from 57Barb. 164, which was under the mechanics' lien statute of New York, the action had proceeded to a judgment, which was, of course, in rent, and the amendment asked for was to change that judgment into a general judgment in personam, which was refused, whilst in the mechanics' lien case cited from43 Miss. 189, it was expressly held that where it made no change in the cause of action the amendment would be allowed. The cause of action is the debt or demand which the plaintiff is seeking to recover in the action, whatever the form of it may be, 39Verm. 202. But in every case cited on the other side the amendment *Page 519 
applied for was for nothing less than a change of the cause of action itself. This claim or cause of action was not barred by the statute of limitations when this suit was commenced, and is not yet barred by it so long as it is pending and this motion remains undecided, for if decided in our favor we proceed with the same cause of action and the same suit substantially with which we commenced, the form of the action merely having been in the meantime changed, and could anything more conclusively show that the utmost we propose is, after all, but a mere matter of form and not of substance?
The Court refused the motion to amend and gave judgment for the defendant on the demurrer, relying very much on the ruling of this court in the case of The State use of Godwin v.Collins et al., 1 Harr. 216, and the policy and practice announced in it of allowing amendments after issue joint in law or fact before argument almost as a matter of course in fair cases when the rights of the adverse party would not be prejudiced by it, but not after argument and particularly on general demurrer.