## Humbertson et ux. v. Albright

*Higbee, Lewellyn & Higbee*, for plaintiffs.

*Wade K. Newell* and *Joseph J. Baer*, for defendant.

CARR, J., December 9, 1940.—A husband and wife are joined as plaintiffs in an action of trespass for slander

on five counts. The first three counts are for words uttered against the wife alone, charging her with unlawful sexual intercourse with one not the husband plaintiff. The fourth and fifth counts are for words uttered against both husband and wife, charging them with unlawful sexual intercourse with each other, in that they were alleged to be living together without being married. Defendant has demurred, on grounds of misjoinder of parties and causes of action.

In early Pennsylvania procedure, husband and wife were required to join in a suit for tort on the person or reputation of the wife: Long v. Long et ux., 4 Pa. 29; Smith v. Smith, 45 Pa. 403. This was because the damages recovered belonged to the husband, but in her right, the cause of action being in her: Weldon v. Winslow, 13 L. R. Q. B. 784. Under circumstances of desertion by her husband, and his unwillingness to protect her reputation, the Act of April 11, 1856, P. L. 315, 48 PS §112, allowed her to sustain her own action without joining him: Rangler v. Hummel, 37 Pa. 130. Subsequently, the Acts of June 3, 1887, P. L. 332, and June 8, 1893, P. L. 344, 48 PS §§31, 111, emancipated married women and entirely relieved them from incapacity to sue. Thereafter it came to be held that, since for a slander uttered against the wife alone the damages were her separate property, and the wrong to the husband, if any, was derivative only and consequential upon the direct injury of the wife, he could not unite with her in a single action, but must sue separately for his special damages: Fero v. Contreaso, 13 Dist. R. 394. It was also early held that a husband and wife could not maintain a single joint action to recover for slanderous words spoken of both, since the injuries were several: Ebersoll v. Krug et ux., 3 Binn. 555.

The Act of May 8, 1895, P. L. 54, 12 PS §1621, directing "That whenever injury, not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights of action

shall be redressed in only one suit brought in the names of the husband and the wife", does not apply to a slander against the wife, because slander is not an injury to the person of the wife, but to her reputation: Fero v. Contreaso, supra. Accordingly, it appears that previous to the Act of June 25, 1937, P. L. 2072, 12 PS §159.1, defendant's demurrer would have been good. That act, however, known as the Pennsylvania Permissive Joinder of Plaintiffs Statute, now permits all parties who have a right of action, whether jointly, severally, or in the alternative, in respect of or arising from the same transaction or series of transactions and whose actions would give rise to any common question of law or fact, to join as plaintiffs in one civil action. It seems clear, therefore, that the joinder of plaintiffs in the present action, which arises from a series of slanderous utterances, is within the terms of the statute as well as Rule 2229 of the Pennsylvania Rules of Civil Procedure, which is an adaptation of the statute and becomes effective on February 3, 1941.

Whether or not on the first three counts a good cause of action for the husband has been pleaded, we need not now decide. We may say, however, that the words spoken of the wife are not as to him actionable per se (A. L. I. Restatement of Torts §570), if indeed they are, in substance, slander of him at all (Riding v. Smith, 1 L. R. Ex. 91 (1876)), and that, therefore, his loss of reputation not reflected in material harm capable of being measured in money, his mental distress and consequent physical illness, do not constitute elements of special damage recoverable by him: Halliday v. Cienkowski, 333 Pa. 123; Restatement of Torts §575, comments b and c.

### Order

And now December 9, 1940, the questions of law raised in the demurrer are decided against defendant, and he may plead within 15 days.