DODGE VS. BARDEN.

PRACTICE: (1) *Time to plead extended on condition.*
VENUE, CHANGE OF: (2) *Limited to "prejudice of judge."* (3, 4) *When costs imposed as condition of.*

1. On the 21st of September, the time for defendant to answer was extended *on condition* that the issue in the action should be of the date when said answer was originally due (September 23d), and that plaintiff have leave to notice the cause for trial at the October term of the court, etc. Afterward, on the same day, a court commissioner, on defendant's application, made an order staying all proceedings on plaintiff's part, until the hearing of an order to show cause, set down for October 7th. On the 24th of September, on plaintiff's application, the commissioner modified his former order so as to permit plaintiff to notice the cause for trial; and such notice was served the same day. *Held,*

(1) That the *condition* attached to the extension of the time to answer was a valid one.

(2) That at the time the notice of trial was served, such condition was in full force.

2. The application for a change of venue, under Tay. Stats., 1424, § 10, must be limited to the cause there stated, viz.: "The prejudice of the judge;" and an application on the ground of "prejudice *or other cause*" on the part of the judge, from which defendant believes that he will not decide impartially, etc., is irregular and must be denied.

3. Ch. 107, Laws of 1872, which provides that where notice of motion for a change of the place of trial on account of the prejudice of the judge has not been given ten days before the term, an order for such change shall not be made unless the moving party shall first pay the opposite party his costs of the term, etc., is a *valid enactment*, and not in violation of sec. 9, art. I of the state constitution.

4. Where the *affidavit* upon which such motion is founded, is not *served with the notice* of the motion, such notice is insufficient (Rule 11, C. C. Rules of 1849); and in such a case the court may impose costs of the term as a condition of granting the motion.

APPEAL from the Circuit Court for *Milwaukee* County.

*Dodge* brought his action against *Barden* upon a promissory note, complaint in the usual form. Personal service was had August 15th ; and on September 20th, the county judge, as court commissioner, made an order, upon an *ex parte* application of defendant, extending the time to answer to October 10th. On the 21st day of September, the county judge, upon the *ex parte* application of plaintiff, modified his order extending time to answer, by annexing thereto a condition that the issue in the action be of the date when the answer was originally due, and that plaintiff have leave to notice the cause for trial at the October term, and that defendant's attorneys accept notice for said term, and that the cause be placed upon the calendar for that term. Upon the same day a court commissioner of the county, upon defendant's *ex parte* application, made an order, which was served on plaintiff's attorney the same day, requiring plaintiff to show cause by October 7th, why the order of the county judge of September 21st, modifying his order of the 20th, should not be set aside, or otherwise modified, and that all proceedings under the order of September 21st be stayed until the hearing of the rule to show cause. On the 24th day of September, the same court commissioner, upon plaintiff's *ex parte* application, modified his order of the 21st, so as to permit the plaintiff to notice the cause for trial, and to place the same on the trial calendar, without prejudice to defendant's motion to vacate the order of the county judge of September 21st. This order was served on the same day, September 24th, together with a notice of trial for the October term, beginning October 7th. On October 10th, defendant's answer was duly served upon plaintiff's attorney. On September 24th, notice of the intended application of defendant, on the 1st of October, for a change of the place of trial, was duly served on plaintiff's attorney. On October 7th, defendant read and filed with the clerk of the court his affidavit in support of his motion to change the place of trial of the action to

the county court of Milwaukee county, which motion was overruled. The affidavit alleged that defendant verily believed the judge would not, "from prejudice or other cause, decide impartially in the matters involved" in the action. On October 18th, defendant filed and read another affidavit for changing the place of trial, wherein he alleged, on information and belief, that the judge, "by reason of prejudice against me in the matters involved in said suit, will not decide impartially in respect thereof." Defendant's counsel insisted that the former motion for a change of trial was still pending; but the court held that the defendant, not having filed or served the petition or affidavit required by the statute, within the time fixed by the statute to entitle defendant to a change of venue without costs, the application should be regarded as an original application, made after the first day of the term. The court, therefore, ordered the change of venue upon payment of $15 costs by defendant to plaintiff. Defendant's counsel in open court denied the power of the court to impose such terms, and gave notice that defendant would not pay the costs thus imposed. Thereupon, when the cause was reached in its order upon the calendar, upon the same day, October 18th, plaintiff moved for trial. A jury was impaneled, the defendant not otherwise appearing or opposing than as above mentioned; plaintiff offered the note in evidence, and had a verdict. Defendant forthwith, upon the minutes of the court, moved to set aside the verdict, and for a new trial, and for a change of venue, which motion was overruled. Judgment for plaintiff; from which defendant appealed.

*Carpenter and Murphey*, for appellant, argued, among other things, that the law imposing costs as a condition of the change of venue, after the affidavit is filed, was unconstitutional and void. The legislature has recognized the fact that the filing of the affidavit is conclusive upon the question that the party can not obtain justice in that forum. R. S., ch. 123, sec. 8. The subsequent statute, ch. 107, Laws of 1872, which in no manner

repeals the former, but which compels the party to still have his cause tried in the original forum, unless he will submit to the payment of such costs as the court may impose, simply involves the purchase of justice, which is forbidden by the constitution. Const., art. I, sec. 9.

*Jenkins & Elliott*, for respondent, contended that the modification of the first *ex parte* order obtained by defendant, upon condition that he accept notice of trial and allow the cause to be placed on the trial calendar, was within the power of the judge. Tay. Stats., p. 1644, § 39. The denial of the first application for a change of venue was correct, under Rule 11, C. C. Rules of 1849, requiring the papers on which the motion is founded to be served with the notice, which was not done in this case. The requirement of this rule is imperative. *Corwith v. State Bank*, 8 Wis., 376. The first affidavit was fatally defective, and would not sustain a charge of perjury. The applicant must bring his case within the statute. The granting of the second application, upon terms, was fully authorized by ch. 107, Laws of 1872. This statute supposes the parties to have prepared their causes for trial at the term for which they are noticed; and where notice of the motion for a change of venue has not been given, and the application is made during the term, the statute seeks to compensate the opposite party for the preparation for trial and attendance. The payment of that compensation is a condition precedent to granting the order.

DIXON, C. J. The effect of the several *ex parte* orders was, to leave the condition upon which the time to answer was extended, as fixed by the second order of the county judge, made on the 21st day of September. That condition had been interfered with, or its operation defeated, by the order of the court commissioner made on the same day, staying all proceedings in the action on the part of the plaintiff until the hearing of the order to show cause made by the commissioner, and which was set down for the 7th day of October. On application made by

the plaintiff, also *ex parte*, on the 24th day of September, the court commissioner modified the order previously made by him, so as to permit the plaintiff to notice the cause for trial, and notice of trial was on the same day served on the attorneys of the defendant. At the time of such service, therefore, the condition of extending the time to answer, as imposed by order of the county judge, was in full force, and operative. That condition was, in words, " that the issue in this action be of the date when said answer is originally due, and that the plaintiff have leave to notice said cause for trial at the October term of the circuit court, and that the defendant's attorneys accept notice of trial for said term ; and that said cause be placed upon the calendar for trial at said term." It was a valid condition, and such as the judge making the order was authorized to impose. The answer was originally due on the 23d, so that the cause was regularly noticed for trial on the 24th of September, although, under operation of the order extending the time, the answer did not in fact come in until the 10th of October following.

The first application for a change of venue was irregular, and properly denied. It was an application, as appears from the affidavit of verification of the defendant, made on the ground of " prejudice *or other cause* " on the part of the judge, from which the defendant believed the judge would not decide impartially in the matters involved in the action. The statute recognizes but one ground for such application, and that is, " on account of the *prejudice* of the judge of such court." 2 Tay. Stats., 1424, § 10. The application must be limited to the case provided for by the statute, since to permit it to be extended to others, or to allow removal for causes not named in the statute nor in the application, would lead to the greatest abuses and perversion of the remedy intended to be given by the legislature.

The second application for change of place of trial was ordered by the court on payment of $15 costs by the defendant to the plaintiff. The defendant refused to pay the costs, deny-

ing the authority of the court to impose them, and no further proceedings were taken under the order. Thereupon, the cause being reached in its order on the calendar, the plaintiff moved it for trial, and was allowed to proceed, and a verdict was returned in his favor, upon which he has perfected judgment against the defendant, from which the latter brings this appeal.

The grounds upon which the defendant refused to pay the costs were : first, that he had given the notice of motion for a change of the place of trial ten days before the term, as prescribed by chapter 107, Laws of 1872, so that the payment of costs could not be required by virtue of that act; and, second, if such notice of motion had not been given, that the provision of the act requiring such payment is unconstitutional and void.

It is very clear that no sufficient notice of the motion was given. The motion was made on the 18th of October, upon an affidavit subscribed and sworn on the 12th of the month. The term of court commenced on the 7th. The rule of court (Circuit Court Rules of 1849, Rule 11) requires that " the affidavits, papers or records whereon a motion is to be founded, shall be served upon the attorney of the opposite party, with the notice of motion." 2 Tay. Stats., 2020, Rule 11. The affidavit was not served with the notice of motion, and could not have been. It was not made until more than two weeks after service of the alleged notice.

The regulation of the act requiring the payment of the costs in case the moving party neglects to give the prescribed notice, is a reasonable and just one, and not in violation of sec. 9, art. I of the constitution. It is not compelling the party to purchase justice, but to suffer the consequences of his own laches, by obliging him to compensate the losses of the opposite party, sustained for the want of such notice. It is well known that, after numerous continuances and other dilatory proceedings, the motion was often sprung on the eve of trial as a last resort to obtain still further delay, when the plaintiff had been to great trouble and expense to prepare for such trial. It was to obvi-

Ottillie vs. Wæchter and others.

ate such mischiefs, wherein before its enactment the opposite party was remediless (see *Goodno v. The City of Oshkosh*, 31 Wis., 135), that the act was passed ; and it was a much needed, salutary and constitutional statutory requirement.

*By the Court.*— Judgment affirmed.