## HARDER vs. SMITH.

PRACTICE.    (1) *Appeal.*  (2) *Change of Venue, for prejudice of judge; prepayment of costs.*

1. Whether a *single appeal* from a judgment and from orders made during the term favorable to the respondent, is of any validity, *quære.*
2. Ch. 107, Laws of 1872, provides that when a party to a civil action applies for a change of venue on account of prejudice of the judge, at a term for which the cause shall have been noticed for trial, "no order shall be made" for such change, unless such party "*shall first pay* to the opposite party the costs incurred by him for such term," etc., unless notice of the motion was given ten days before the term, etc. *Held,*

    (1) That in such a case an order of the court granting a change of venue on payment of costs, etc., is *ineffectual* to change the venue *until the costs, etc., are paid*; and in case of a refusal to pay them, the court, without vacating its order, may proceed with the cause to judgment.

(2) That a fair construction of the statute to accomplish its purpose requires the moving party, if need be, to accept short notice of taxation, and' be ready at once to pay or tender the costs; and it is not the duty of the opposite party to seek him or his attorney, and demand payment.

(3) That Rule 24, C. C. Rules (Tay. Stats., 2016), giving fifteen days in certain cases to pay costs, is not applicable to such a case.

APPEAL from the Circuit Court for *Winnebago* County.

*Harder* brought his action to enforce his lien for services rendered in getting out certain saw logs and lumber for the defendant *Smith.* The facts necessary to an understanding of the opinion are fully stated by the court. Judgment for plaintiff; and defendant appealed.

*A. L. Collins*, for appellant, *Coolbaugh & Son*, of counsel. [No brief on file.]

*Gabe Bouck, contra.*

DIXON, C. J. A fact shown by the judgment roll, but not appearing from the printed case, except it may be by inference, is, that the cause was regularly noticed by the plaintiff for trial at the term of court at which the application for a change of venue was made by the defendant. No notice of such application had been given by the defendant to the plaintiff ten days before the term, as prescribed by ch. 107, Laws of 1872. The court granted the application, and ordered a change of venue on payment of $10 attorney's fees, and costs of term (clerk's fees), taxed at $1.90. Those costs both the agent and attorney of the defendant refused to pay on demand made therefor by the attorney for the plaintiff, and such refusal being made known to the court by affidavit, the plaintiff was permitted to proceed to final judgment. Subsequently, and on application of the defendant during the same term, the court made an order directing the judgment to be set aside, and the change of place of trial to be awarded, on condition that the defendant should first pay all the costs of the action, then taxed, without

objection, at the sum of $65.54. These costs were also demanded of the attorney for the defendant, who declined to pay them, upon affidavit of which fact made by the attorney for the plaintiff, the court set aside the conditional order for vacating the judgment and changing the venue, and directed the judgment to stand as final and absolute. The defendant appeals from the judgment and the orders entered in the action at the term in favor of the plaintiff.

It is very doubtful whether the appeal, taken as it is from the judgment and orders, is of any validity; but waiving that question, since counsel does not take the objection, it is obvious that there was no error in the proceedings, upon which the judgment or orders can be disturbed.

It is said that the defendant had fifteen days in which to pay the costs taxed on the first order, according to Rule 24, Circuit Court Rules. (2 Tay. Stats., 2016.) It is obvious that the rule is inapplicable to the costs taxed on such a motion; for if it were otherwise, it would result in defeating the very object the statute was designed to accomplish, namely, that the trial should not be delayed beyond the term, nor the cause transferred to another court, unless the costs and expenses of the opposite party in preparing for the trial are first actually paid by the party making the application. To subserve this purpose, immediate payment of the costs is imperatively required; and such, we think, must have been the intention of the legislature. A fair construction of the statute undoubtedly requires the moving party to accept, if need be, short notice of taxation, and to be ready at once to pay the costs, or to tender them to the opposite party. It can not be necessary for the other party, or his attorney, to do as was done in this case — seek out the moving party, and demand the payment. It is incumbent on the latter, if he would have the benefit of the order, to go to the other party or his attorney, submit to taxation, and pay, or offer to pay, the costs. Such appears to us to be the true spirit and intent of the statute, and such, we must hold, was the duty

of the defendant or his attorney, if he would have had the advantage of either of the orders.

It is furthermore objected, that the first order changing the venue was not in form nor in fact vacated, and that until that was done the court had no jurisdiction over the cause, and the trial and judgment were nullities. It is a mistake to suppose that any vacation of the order was necessary. The order was ineffectual for any purpose save that of authorizing the payment of costs, until the costs were paid. The statute declares that " no order shall be made for such change of place of trial, unless the party applying therefor shall first pay to the opposite party the costs incurred by him for such term, and such reasonable attorney's fees, not exceeding twenty-five dollars, as the court shall require."

*By the Court.*— Judgment affirmed.