Brothers, Appellant, vs. Williams, Respondent.
Same, Appellant, vs. Same, Respondent.

*February 8 — February 23, 1886.*

*(1) Amendment of pleading: Changing action for legal to one for equitable relief. (2) Change of venue: Costs.*

1. A complaint in which legal relief only is demanded cannot be changed by amendment into one for equitable relief. Thus, an action to recover damages on contract for the care and keeping of horses cannot be changed into one to enforce a specific lien upon such horses.

2. Where an application for a change of venue on the ground of prejudice of the judge is made before any continuance in the action, the court cannot impose costs upon the applicant.

APPEALS from the Circuit Court for *Milwaukee* County.

The plaintiff commenced two actions against the defendant before different justices of the peace in the county of Waukesha. Each action was commenced by attachment, under which the property of the defendant was seized. The defendant being absent from the state, service of process upon him was obtained by publication, pursuant to statute. He did not appear before the justice in either action. In each case the plaintiff put in a complaint for the care and keeping of a certain horse (a bay filly called Fedora in one case, and a bay gelding in the other), for going to Racine after both horses, and for expenses of shoeing one of them. The plaintiff made his proofs, and had judgment in each action for the amount of his claim. He thereupon gave the bond required by statute in such cases (R. S. sec. 3715), and obtained execution upon each judgment.

After the issuing of executions the defendant appealed both actions to the circuit court of Waukesha county, and then procured a change of the place of trial to the circuit court of Milwaukee county, for the reason that he resided in that county. He also interposed answers to the respective complaints.

Within twenty days after the answers were served the plaintiff applied to the court for leave to file and serve proposed amended complaints therein. These stated a cause of action in each case under sec. 3344, R. S., and claimed a livery or boarding stable keeper's lien, under the statute, upon the horse for the care and keeping of which the action was originally brought. The court refused leave to file the same, with $10 costs of each motion.

The plaintiff filed affidavits of the prejudice of the circuit judge, and obtained orders changing the place of trial of both causes to the county court. Each of these orders impose upon the plaintiff $10 costs of motion.

The plaintiff appeals in each case from the order refusing

him leave to file and serve the proposed amended complaint, and from so much of the order changing the place of trial to the county court as imposes costs of motion upon him.

For the appellant there was a brief by *Sumner & Tullar*, and oral argument by *Mr. Sumner*.

For the respondent there was a brief by *W. J. Turner*, and oral argument by *W. C. Williams*.

LYON, J.    1. These actions were brought as common-law actions, and were prosecuted as such to judgment and execution. The complaints are on the common counts, for care and feed of horses, and in one case for money paid and expended for the use and benefit of the defendant, and the usual common-law judgments for damages were rendered by the respective justices. The proposed amended complaints, had they been received, would have converted the actions into actions to enforce specific liens.

The enforcement of specific liens is usually a matter of equitable cognizance, and although the same power may be conferred by statute upon courts of law, that does not change the nature of the relief granted. It is still essentially equitable. It has often been ruled that an amendment is unauthorized by law which changes a pleading in which legal relief is demanded into one for equitable relief. This case seems to be within the principle of that rule..

But the point is directly ruled in *Johnson v. Filkington*, 39 Wis. 62. That was an action to enforce a statutory lien upon defendant's house for work done thereon and materials furnished therefor. The complaint contained the necessary averments to support a demand for such relief. The plaintiff sought to amend his complaint by substituting a cause of action for damages for the breach of a contract in respect to such work and materials. That. is to say, he sought to change his action for statutory relief equitable in its nature, to one for common-law relief only cognizable at

law. It was held that the cause of action stated in the proposed amended complaint was a new and essentially different one from that stated in the original complaint; and hence that leave to interpose the amended complaint was properly refused. The principle of that decision is applicable here.

In an action on a promissory note (in which the complaint counts on the note alone, and demands judgment for the sum due upon it by its terms), should the plaintiff ask the court for leave to amend his complaint so as to aver that the note was secured by mortgage, and demand a judgment of foreclosure and for a sale of the mortgaged premises, no one will maintain that leave to do so should be granted; yet the proposed changes in the complaints in the present actions are not dissimilar in principle to those just supposed. We conclude that leave to interpose the proposed amended complaints was properly refused.

2. It was error to impose costs upon the plaintiff in the orders changing the place of trial to the county court. When the affidavits of prejudice were interposed the court lost all jurisdiction of the cases, except such as the statute expressly confers. The statute only confers power (1) to make an order for the transmission of the record to the proper court; and (2) if the application for such order is made after any continuance in the action, the court must impose costs upon the applicant therefor. R. S. sec. 2625. These applications were made before any continuance, and hence the court had no authority to impose costs.

3. It was claimed in argument by the defendant that these causes had been transmitted to the county court before return was made to these appeals. The records do not sustain the claim. The appeals are to the circuit court, and the clerk of that court makes return thereto as such clerk. There is nothing in the record impeaching his return.

*By the Court.*— The order in each case refusing the plaint-

iff leave to interpose his proposed amended complaint is affirmed, with costs; and that portion of the order changing the place of trial to the county court which imposes costs upon the plaintiff is reversed, with costs.