Bantley vs. Stowell and others.

---

BANTLEY, Respondent, vs. STOWELL and others, Appellants.
CRYDERMANN, Respondent, vs. STOWELL and others, Appellants.
MUELLER, Respondent, vs. STOWELL and another, Appellants.
MARTIN, Respondent, vs. STOWELL and others, Appellants.
PAINTER, Respondent, vs. STOWELL and others, Appellants.

*April 14 — May 3, 1892.*

*Change of venue: Prejudice of judge: Terms.*

Under sec. 2625, R. S., providing for a change of venue on account of the prejudice of the judge, the "costs of making such change," which, in addition to the costs of the term, the party applying for such change is required to pay in certain cases, can include only the legal fees of the clerk for certifying and transmitting the papers; and the court cannot impose the payment of any further sum as such costs or as a condition of the change.

APPEALS from the Circuit Court for *Milwaukee* County.

These cases all present the same question. Each is an appeal by the defendants from an order changing the place of trial of the action from the circuit court of Milwaukee county to the superior court, upon an affidavit of prejudice made by one of the defendants. The motion in each case was made after one continuance in the action at defendants' instance. In each case the order is that the place of trial be changed "upon payment by said defendants to the plaintiff of ten dollars costs of making such change, and of two dollars costs of the term, and the clerk's fees."

For the appellants the causes were submitted on the briefs of *Winkler, Flanders, Smith, Bottum & Vilas.*

For the respondents there were briefs by *McKenney & Wambold*, and oral argument by *J. C. McKenney*.

WINSLOW, J. The statute provides that upon the filing of an affidavit of prejudice of the judge, after a continuance in an action granted upon application of the party filing such affidavit, the venue shall be changed only upon payment of the costs of making such change and the costs of the term. R. S. sec. 2625, as amended by sec. 1, ch. 306, Laws of 1887. Upon making these payments the right to a change of venue is absolute. In these cases the costs of the term are fixed at two dollars. No other item of expense can be added, save the costs of making the change, which must be the legal fees of the clerk for certifying and transmitting the papers. The court, however, in addition to these two items, required in each case $10 to be paid to the *plaintiff*, and denominated that sum "costs of making such change." This was erroneous. This sum was neither a part of the costs of the term, nor a part of the costs of making the change. The defendant had a strict and absolute right to the change upon complying with the terms imposed by the statute. He was not applying for relief in a

McDermott vs. The Chicago & Northwestern R. Co.

·matter lying within the discretion of the court, where con-ditions might be imposed, nor could motion costs be im-posed upon him, because he was not the defeated party. The case of *Dodge v. Barden*, 33 Wis. 246, has no applica-tion, because the law as then existing authorized the im-position of reasonable attorney's fees, in the discretion of the court, in addition to the costs of the term.

The appeal in each instance is from the whole order. That part of each order which directed a change of venue, and required payment of $2 costs of the term and the clerk's fees for making the change, is correct and must be affirmed. That part of each order which requires the pay-ment of $10 to the plaintiff is erroneous and must be re-versed. No costs will be allowed to either party.

*By the Court.*— It is so ordered.