STATE EX REL. WELLER, Appellant, vs. HINKEL, City Clerk,
Respondent.

*May 12—June 5, 1908.*

*Taxation: "Property:" Exemptions: Stock in trust companies: Con-
struction of statutes.*

1. Corporate stock is "property" within the meaning of sec. 1034,
   Stats. (1898).
2. Under subd. 9, sec. 1038, Stats. (1898), exempting from taxation
   "stock in any corporation . . . which is required to pay taxes
   upon its property in the same manner as individuals," the
   "manner" of taxation referred to is taxation upon an *ad va-
   lorem* basis.
3. Prior to 1891 trust companies were required to pay taxes upon
   their property in the same manner as individuals, and stock
   therein was exempt.   By ch. 263, Laws of 1891—sec. 1222*k*, Stats.
   (Supp. 1906; Laws of 1905, ch. 442)—they were required to
   pay annually a certain license fee and percentage of their net
   income "in lieu of all taxes" except taxes on their real estate.
   Under the new system the amounts payable were but a small
   proportion of those payable under the former law.   *Held,* that
   the words "in lieu of all taxes," etc., indicate merely that the

general property of such companies is exempt from ordinary taxation; that they are not required to pay taxes in the same manner as individuals; and therefore that stock in such companies is taxable.

4. Rules for judicial construction of statutes are applicable only where there is uncertainty of sense.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

*Certiorari* action involving the question of whether corporate stock in a trust company is taxable to the owners thereof.

Such proceedings were had that a writ of *certiorari* was duly issued from the circuit court for Milwaukee county to review the decision of the board of review of the city of Milwaukee assessing against the relator stock owned by him in two trust companies located in the city of Milwaukee, the relator being a resident of such city. Such proceedings were duly had on a motion to supersede the alternative writ that the court decided such stock was taxable and the writ was accordingly quashed and the action dismissed. From a judgment accordingly entered this appeal was taken.

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *E. S. Mack.*

For the respondent there was a brief by *John T. Kelly,* city attorney, and *Benjamin Poss,* special assistant city attorney, and oral argument by *Mr. Poss.*

MARSHALL, J. Corporate stock is property within the meaning of our taxing laws; therefore it must be, and is, conceded that stock in a trust company is taxable to the individual owners the same as property generally under sec. 1034, Stats. (1898), which provides that "taxes shall be levied upon all property in this state except such as is exempted therefrom," unless it is, by some other statute, exempt therefrom.

Subd. 9, sec. 1038, Stats. (1898), provides that "stock in any corporation in this state which is required to pay taxes

State ex rel. Weller v. Hinkel, 136 Wis. 66.

upon its property in the same manner as individuals" is exempt from taxation. If that includes such stock as that in question it is exempt, otherwise not.

The manner of taxing the property of trust companies is governed by sec. 1222*k*, Stats. (1898), as amended by ch. 442, Laws of 1905, which provides that

"Trust, annuity and guaranty corporations existing under ch. 86 shall, on or before the first day of March in each year, pay to the state treasurer, as an annual license fee for transacting their business, the sum of five hundred dollars; and in addition thereto shall pay three per centum of their net income during the calendar year preceding. The payment of such license and percentage shall be in lieu of all taxes for any purpose authorized by the laws of this state except taxes on such real estate as may be owned by such corporations."

Such manner of taxing the property of trust companies had its origin in ch. 263, Laws of 1891. Prior thereto they were required to pay taxes upon their property in the same manner as individuals, and consequently the corporate stock was exempt from taxation under the plain language of sec. 1038 above quoted.

Did this change in the manner of taxing the property of trust companies which, as seen, made no reference to the taxation of their corporate stock, by implication transfer such stock from the nontaxable to the taxable class of property?

It is contended that since by such change trust companies are still taxable upon their real estate in the same manner as individuals and the exaction on net earnings is declared to be "in lieu of all taxes" upon the property of the corporation except real estate, that thereby is shown a legislative purpose that such exaction shall be regarded as an equivalent for all purposes for the former tax and to leave the corporate stock exempt as before.

If the new way were reasonably calculated to produce an equivalent in public revenue for the old one there would be some reason for that view. But, manifestly, it is not. In

the very nature of things, under the new system, a trust company is required to directly contribute to the public revenues but a small proportion of the amount formerly rendered. The words "in lieu of all taxes," etc., are indicative merely that the general property of such companies is exempt from ordinary taxation. Such was the legislative purpose as shown by the amendment to sec. 1038, Stats. (1898), at subd. 31, providing that "all property of trust or annuity corporations organized under ch. 86, except real estate owned by them," shall be exempt from taxation. To adopt counsel's contention would result in holding that the legislature, without any reason which can be even imagined for the favor, singled out trust companies as a class of corporations to be substantially exempt from taxation upon their property without rendering any equivalent therefor indirectly by taxation upon the property in its representative form of corporate stock—a result which should be from its very absurdity avoided rather than adopted by judicial construction. If we consider that the legislature had in mind sec. 1034 and subd. 9, sec. 1038, Stats. (1898), and that relieving trust companies from the burden of direct taxation upon their property after the manner individuals are burdened upon theirs would transfer the stock of such corporations from the nontaxable to the taxable class, then the law of 1891 seems reasonable.

Further consideration of the case does not require the application of rules for judicial construction. Such rules are only applicable where there is uncertainty of sense. The latter must always precede necessity for invoking the former. So, though in the briefs of counsel the subject of strict construction and liberal construction, and that double taxation in an economic sense is to be avoided by rules of judicial construction unless the language of the law plainly provides for such taxation, are discussed at considerable length, we do not need to go over any of that ground, because the statutes in question are unambiguous. There is the plain provision

that the stock of a corporation is exempt from taxation only in case of its property being taxable in the same manner as the property of individuals. That, as suggested by counsel for respondent, divides corporations, generally speaking, into two classes; one where the property is taxable to the corporation in the same manner as the property of individuals, and the other where it is not. The property of individuals is taxable upon the *ad valorem* basis. That is the "manner of taxation," within the meaning of the statute. The property of trust companies, except in a very small and insignificant degree, is not taxable in such manner. It is not only nontaxable upon the *ad valorem* basis, but is practically exempt from taxation. So it seems that there is no escaping the conclusion that by the plain language of sec. 1034 and sec. 1038, Stats. (1898), the corporate stock of trust companies is taxable to the owners thereof as was held by the circuit court.

*By the Court.*—The judgment is affirmed.