PORTAGE COUNTY, Respondent, vs. COLUMBIA COUNTY, Appellant.

*January 30—February 20, 1912.*

*Change of venue: Expenses of trial: To what county charged: Statute construed.*

1. Where a change of venue is had in any action, the county in which the action is tried cannot, under sec. 2940, Stats. (Supp. 1906: Laws of 1905, ch. 254), charge back the expenses of trial against any county other than the one in which the action was commenced; and not against that county if the change therefrom was made because the action was not properly brought therein.

2. Thus, where an action was brought in one county and the venue changed to another because the first county was not the proper place of trial, and thereafter the venue was again changed by stipulation to a third county, in which the action was tried, such third county cannot charge back the expenses of the trial against either of the other counties.

3. It cannot be held in such a case that the word "commenced" in the statute means *properly* commenced and that the action was not properly commenced until it reached the second county on change of venue,—such construction being negatived by the statute itself.

APPEAL from an order of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

One Pinkman, a nonresident of this state, began an action in the circuit court for Dane county against the Wisconsin Central Railway Company to recover damages for a personal injury sustained by him in a railway accident on the defendant's road in the state of Minnesota. Within the twenty days prescribed by sec. 2621, Stats. (1898), the defendant served upon plaintiff's attorney a demand in writing that the venue be changed because the lines of the defendant road do not extend into Dane county and it was therefore not the proper place of trial. Upon stipulation the venue was duly changed from Dane county to *Columbia County*. In that

county an issue was made up and the action remained there several terms. It was then stipulated to change the place of trial from *Columbia County* to *Portage County,* and an order was duly entered changing the place of trial to *Portage County* pursuant to the stipulation. The defendant's lines extend into both *Columbia* and *Portage* counties. The case was tried in *Portage County* and subsequently the costs of the trial, amounting to $604.90, were taxed against *Columbia County,* and by an order of the court allowed. *Columbia County* objected to the allowance against it of any costs for the reason that the action was not begun in *Columbia County;* that the cause of action did not arise therein, and the plaintiff was not a resident thereof; and it appealed from the order of the court allowing costs to be taxed against it.

*Henry A. Gunderson,* for the appellant.

*George B. Nelson,* for the respondent.


VINJE, J. In the absence of statutory provisions permitting it, a county wherein a case is tried cannot charge another county with the costs of trial. We must therefore look to the statute for authority to sustain the order appealed from. If we do not find it there, the order must be reversed. This result is clearly perceived and admitted by respondent's attorney, for he says: "This statute just quoted [sec. 2940, Stats.: Supp. 1906] is the law on which *Portage County* relies, and must necessarily rely, in asking an affirmance of the order appealed from." That section, as amended by ch. 254, Laws of 1905, so far as it is material to the question raised by this appeal, provides:

"In all actions or legal proceedings, including criminal actions, where a change of venue is had or made by the order of any court or of any judge, pursuant to law (except in cases where such change is made because the action was not brought in the proper county), or when an action, occupying a day or more, is tried outside the county wherein pending, the county

in which such action was commenced shall pay to the' county in which the same shall'be tried the following expenses arising out of such change of venue." .

Both parties agree that the costs cannot be charged against Dane county because the statute expressly exempts it on the ground that the action was not properly brought there.    An analysis of the statute will disclose that upon a change of venue the costs of trial can be charged back to but one county, namely, the county in which the action was properly begun. The legislative scheme deals only with counties in which the action was commenced, and it divides such counties into two classes, those in which the action 'was properly 'begun and those in which it was not properly begun, and it exempts the latter from liability.    The result is that when an action is tried in a county on, a change of venue that county must be able to find a county in which the action was properly begun in order to relieve itself of liability for the costs of trial.    If it cannot find such a county it must bear the burden itself, for no provision is made for charging back the costs against any other county.    In other words, the legislature has said: If the action was properly brought in the county in which it was commenced, such county can be charged with the costs of trial upon a change of venue, but if it was not properly brought there it cannot be charged.    There the statute ends. It makes no provisions for charging the costs to any other county.    A situation such as is before us in the instant case was not provided for.    But it is said the court should construe the word "commenced" to mean *properly* commenced, and should hold that the present action was not properly commenced till it reached *Columbia County* on a change of venue. The insuperable obstacle to such construction is that the legislature recognized the fact that an action could be either properly or improperly commenced in a county by providing for a liability for costs in the one case and for exemption therefrom in the other; and that in fixing liability it did not

go beyond the county in which the action was commenced whether that was a proper or improper one. Hence we cannot extend the provisions of the statute by a construction that is negatived by the act itself.

It follows that sec. 2940, Stats. (Supp. 1906: Laws of 1905, ch. 254), did not authorize the trial court to tax costs against *Columbia County,* and the order must be reversed.

*By the Court.*——Order reversed, and cause remanded with directions to disallow the claim.