Groeschner, Administratrix, Respondent, vs. John Gund Brewing Company, Appellant.

*January 14—February 8, 1921.*

*Automobiles: Collision with motorcycle: Law of the road: Cutting corners: Negligence: Contributory negligence: Evidence: Verdict of coroner's jury: Instructions: Change of venue: Time of application: Disqualification of judge because of appearance of son as attorney in case.*

1. A truck driver who crossed to the opposite side of the street on approaching a street intersection in order to cut the corner in turning into the intersecting street was guilty of a palpable violation of the law of the road.

2. In an action for the death of a motorcycle driver in a collision with a truck being driven on the wrong side of the street, the question of the contributory negligence of the driver of the motorcycle is for the jury.

3. The right to a change of venue is purely statutory and can be insisted upon only where the conditions prescribed by the statute authorizing the change exist; and the refusal of an application for a change of venue because of the prejudice of the trial judge, not made on or before the first day of the term as required by sec. 2625, Stats., is not erroneous even though the facts upon which the application was based were not known until after the commencement of the term.

4. The fact that a son of the presiding judge was one of the attorneys for the plaintiff in an action for the death of plaintiff's intestate did not disqualify the judge under sec. 2623, Stats., providing for a change of the place of trial where the judge is related to a party to the action, in the absence of evidence that the son was to be compensated by a contingent fee. [Whether the judge would be disqualified if the son were prosecuting the case upon a contingent fee, not decided.]

5. Whether the verdict of a coroner's jury is admissible for any purpose in an action for damages—a proposition generally

negatived by the authorities,—it was immaterial and inadmissible under the issues in this case.

6. The refusal of requested instructions which were fully and fairly covered by those given is not reversible error.  · ··

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover damages for the death of plaintiff's intestate, who was a member of the police force of the city of La Crosse. At the time of his death he was a motorcycle officer. North Third street extends in a northerly and southerly direction, is brick-paved, forty-six feet wide from curb to curb, and a single street-car track occupies the center of the street. State street intersects said Third street at right angles, is also brick-paved, and is forty-two feet in width from curb to curb. This intersection is one of the busiest thoroughfares in the city.

On the 18th day of November, 1916, between the hours of 11 and 12 o'clock a. m., deceased was proceeding north on the right side of Third street on his motorcycle. About forty-two feet south of the intersection of Third and State streets he turned out to pass an ice wagon, proceeded northward across State street and collided with defendant's truck, in close proximity to the northeast corner of the intersection, was thrown under the truck and dragged some forty feet along State street before the truck was stopped.

The case was tried before a jury and a special verdict returned finding the driver of the defendant's truck guilty of negligence constituting the proximate cause of the injury, and acquitting the deceased of negligence. Upon this verdict judgment was rendered for the plaintiff. From the judgment so rendered the defendant brings this appeal.

For the appellant there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*  · ··

*Otto M. Schlabach,* attorney, and *Jesse E. Higbee,* of counsel, both of La Crosse, for the respondent.

OWEN, J.   It is first argued that the deceased was guilty of contributory negligence as a matter of law and that a verdict should have been directed in favor of the defendant. The deceased was proceeding north on the east side of Third street at a moderate rate of speed.   The defendant's truck was going south on the west side of Third street, and as it approached the intersection of Third and State streets the driver thereof turned to the left for the evident purpose of cutting the corner as he turned east on State street, and the collision occurred within a few feet of the northeast corner of the intersection.   In this the driver of the truck was guilty of a palpable violation of the law of the road.   His negligence is unquestioned.

It is argued on the part of appellant that the deceased, if he had looked, could have seen the truck in front of him, and that his failure so to do constituted negligence as a matter of law.   At the same time it is said that the intersection of Third and State streets is one of the busiest thoroughfares in the city of La Crosse.   If this is true, manifestly the driver of the motorcycle was required to be sufficiently alert to avoid traffic of a character which he was required to anticipate.   The deceased was not required to anticipate that he would encounter a truck on the wrong side of the street.   At any rate, we are clear that he cannot be held guilty of negligence as a matter of law.   It has been said by this court that questions of negligence arising out of automobile accidents are peculiarly for the jury, and that such questions will not be decided as a matter of law except under the clearest circumstances.   *Shortle v. Sheill,* 172 Wis. 53, 176 N. W. 304.   The case was properly submitted to the jury.

It is urged that the court erred in not granting the defendant's motion for a change of venue.   This case was instituted by Otto M. Schlabach, Esq., as attorney for plaintiff. It was not reached for trial until about the fifteenth day of the term.   The defendant then discovered that Jesse E. Higbee, Esq., a son of the presiding judge, had been em-

ployed to assist Mr. Schlabach in the trial of the plaintiff's case. Upon learning this the defendant filed an affidavit of prejudice, sworn to by the secretary of the company, in which the deponent stated that his ground for belief that defendant could not have a fair trial of said action on account of the prejudice of the presiding judge, was based upon the fact that Jesse E. Higbee, who had been retained to assist plaintiff's counsel, was the son of the presiding judge, and that the information that he was to assist plaintiff's counsel had come to deponent subsequent to the commencement of the term, for which reason he was not able to make the affidavit on or before the first day of the term. The trial judge denied the motion on the ground that the application was not made on or before the first day of the term.

The right to a change of venue is purely statutory and can be insisted upon only where the conditions prescribed by statute authorizing the change exist. Sec. 2625, Stats., requires that an application for a change of venue because of the prejudice of the trial judge must be made on or before the first day of the term when the judge named in the affidavit is the presiding judge in the judicial circuit in which the case is pending. The statute makes no exception in instances where information giving rise to the belief of prejudice on the part of the presiding judge come to the litigant after the beginning of the term. The terms of the statute are plain and definite and afford no occasion for judicial construction.

It is further contended that the judge was disqualified under the provisions of sec. 2623, Stats., which provides that the place of trial shall be changed when the judge is related to either party to the action. It is claimed that Jesse E. Higbee, Esq., had such an interest in the action as to constitute him a party thereto within the meaning of that section. This argument is based upon testimony given by plaintiff to the effect that her husband left no estate, and from this the conclusion is assumed that Jesse E. Higbee, Esq., must of necessity have an interest in the judgment. Whether an at-

torney who prosecutes a case upon a contingent fee has such
an interest as constitutes him a party to the litigation within
the meaning of this section we need not determine, for the
reason that there is no evidence in the case from which it
can be concluded that Jesse E. Higbee is so compensated or
has such an interest in the judgment. This question was not
raised in the court below, and no effort was made to show
that Jesse E. Higbee was to be compensated for his services
in any manner giving him an interest in the judgment. No
error resulted from the refusal of the trial judge to change
the place of trial.

The refusal of the court to receive in evidence the verdict
of the coroner's jury, summoned to take an inquest on the
view of intestate's dead body, is assigned as error. Whether
the verdict of a coroner's jury is admissible for any pur-
pose—a proposition negatived by the great weight of au-
thority (*Hollister v. French,* 76 Cal. 649, 18 Pac. 855; *Rowe
v. Such,* 134 Cal. 573, 66 Pac. 862; *Wasey v. Travelers' Ins.
Co.* 126 Mich. 119, 85 N. W. 459; *Ætna L. Ins. Co. v. Mil-
ward,* 118 Ky. 716, 82 S. W. 364; *American Nat. Ins. Co. v.
White,* 126 Ark. 483, 191 S. W. 25; *Goldschmidt v. Mut. L.
Ins. Co.* 102 N. Y. 486, 7 N. E. 408; *State ex rel. Grice v.
County Comm'rs,* 54 Md. 426; *Cox v. Royal Tribe,* 42 Oreg.
365, 71 Pac. 73),— it certainly was not admissible on any
issue of this case. The questions here involved were those
of the negligence of the respective parties. Concerning these
questions the coroner's jury had nothing to do. The coro-
ner's jury is summoned only when the district attorney, hav-
ing notice of the death of any person within his county, has
good reason to believe that murder or manslaughter has been
committed. Sec. 4865, Stats. The jury is sworn to "inquire
on behalf of this state when, in what manner and by what
means the person whose body lies here dead came to his
death." The verdict of the coroner's jury was that deceased
came to his death by reason of an accident. It was not that
either murder or manslaughter had been committed. The

question of the respective negligence of the deceased and the driver of the truck was not a legitimate subject of inquiry on the part of the coroner's jury any further than to ascertain whether the negligence of the driver of the truck was such as to constitute manslaughter. The driver of the truck was not charged with gross negligence in this case, consequently the issues involved here were entirely foreign to the subject before the coroner's jury, and its verdict was clearly immaterial.

Error is also assigned because of the refusal of the circuit judge to charge the jury as requested by the defendant. We have compared the requests with the charge as given, from which it appears that the court in its charge to the jury covered fairly and fully all of the points involved in the requests made by the appellant, from which it follows that reversible error did not result from the refusal of the judge to charge the jury as requested.. We find no error justifying a reversal of the judgment.

*By the Court.*—Judgment affirmed.