WALDKIRCH, Respondent, vs. HOFF, Appellant.

*May 8—October 14, 1924.*

*Venue: Affidavit for change: When case is "triable."*

Under sub. (3), sec. 2625, Stats., providing that an affidavit of prejudice of the judge shall be filed on or before the first day of the term at which the case is triable, the case is triable at the term in which it is called, though continued to a subsequent term. p. 507.

APPEAL from a judgment of the circuit court for Ozaukee county: C. M. DAVISON, Circuit Judge. *Affirmed.*

*Peter M. Huiras,* attorney, and *Chas. J. Kunny,* of counsel, both of Port Washington, for the appellant.

For the respondent there was a brief by *William F. Schanen* of Port Washington, attorney, and *Hall, Baker & Hall* of Madison, of counsel, and oral argument by *John F. Baker.*

The following opinion was filed June 3, 1924:

JONES, J. This was an action for slander on two counts charging that defendant had called plaintiff a thief. There was pleaded a general denial with justification. The jury found for the plaintiff and judgment was rendered on the verdict for $395 and costs.

After a careful review of the record we have come to the conclusion that there was no prejudicial error and that on the merits no questions are raised which have not been fully covered by former decisions of this court. If it were not for the question of procedure now to be discussed the judgment would be affirmed without opinion.

It appears from the record that the action was commenced in November, 1921; that it was on the calendar for trial for the March term of court, 1923, and again for the September term of that year. On August 31, 1923, the defendant filed an affidavit as to the prejudice of the trial

judge, and on September 4th, on the opening of the term, demanded a change of the place of trial. On the next day Judge Davison, the presiding judge, made an order that in all cases where affidavits of prejudice had been filed the cases would be held until such time that a judge could be called into the district. This order was afterward vacated.

At the March term the case was on the day calendar twice and was each time adjourned at the request of defendant's attorney, and was finally adjourned over the term at his request. There was no court being held in the circuit on August 31st, when the affidavit of prejudice was filed.

On the 12th of September, 1923, the case was called for trial, the motion was renewed and denied, and due exception was taken.

It is argued by appellant that under the statute the affidavit must be filed and motion made on or before the first day of the term at which the case is triable; that since the case had been continued over the March term it was no longer triable at that term, but only at the September term, and that after the affidavit and motion for change of venue the trial judge was not competent to try the case. On this contention counsel cite the following cases: *Hewitt v. Follett,* 51 Wis. 264, 8 N. W. 177; *Harder v. Smith,* 33 Wis. 274; *Dodge v. Barden,* 33 Wis. 246; *Brothers v. Williams,* 65 Wis. 401, 27 N. W. 157; *Bantley v. Stowell,* 82 Wis. 244, 52 N. W. 92.

These cases were decided under statutes somewhat different from the existing statute. They relate for the most part to the payment of costs on motions of this kind and have little bearing on the question now before us. The portion of the statute which governs in this case is the following:

"(3) When the judge named in the affidavit is presiding judge of the judicial circuit in which the case is pending, such affidavit, to be effective for any purpose, must be filed and motion made on or before the first day of the

term, at which the case is triable, or if the case is not noticed for trial in time to be placed upon the calendar at the commencement of the term, then within ten days after the case is noticed for trial, and when the judge so named is the judge of some other judicial circuit called in to hold the term or try the case, the affidavit, to be effective for any purpose must be filed, and motion thereon made, on the first day such judge holds court and before any preliminary motion or other proceeding is heard by him in the case in which such affidavit shall be filed." Sec. 2625, Stats.

We do not agree with the argument of counsel that the case was not triable at the March term and that within the meaning of the statute the September term was the one at which the case was triable. By such a construction a party could secure as many continuances of the case as possible and still further delay the proceeding by obtaining a change of venue. The statute was enacted to promote the ends of justice by enabling parties to have their causes heard before impartial judges, and not to enable litigants to delay and obstruct the administration of justice. For this reason the statute prescribes the time within which the privilege may be exercised, and means what it plainly says.

It was so recently held in an opinion by Mr. Justice OWEN in *Groeschner v. John Gund B. Co.* 173 Wis. 366, 181 N. W. 212, and in another opinion by Mr. Justice ROSENBERRY, in which the statutory changes are quite fully set forth and the rule as to waiver of the right is discussed. *Golos v. Worzalla,* 178 Wis. 414, 190 N. W. 114.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 14, 1924.