STATE, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*May 14—June 12, 1931.*

For the appellant there was a brief by the *Attorney General* and *Samuel Bryan,* assistant attorney general, and oral argument by *Mr. Bryan.*

For the respondent there was a brief by *John F. Baker* and *D. E. Riordan* of Milwaukee and *Nye F. Morehouse* and *Nelson Trottman,* both of Chicago, and oral argument by *Mr. Trottman* and *Mr. Baker.*

FRITZ, J.  Sec. 192.25 (1), Stats., enacted in 1907, provides:

"No railroad shall run outside of the yard limits any passenger train without a full passenger crew, which for a train of three cars or less shall consist of one engineer, one fireman, one conductor and one brakeman; and for more than three cars, of an additional brakeman.  On trains of more than three cars the brakeman shall not be required to perform the duties of the baggage-master or express agent while on the road.  Nothing in this section shall apply to trains picking up cars between terminals or to trains propelled by electricity."

Plaintiff contends that the defendant violated that statute because, as charged in the first and second causes of action

and found by the court, defendant in each instance had operated a passenger train consisting of an engine and three cars between the cities of Marshfield and Manitowoc, Wisconsin, with a crew consisting of an engineer, a fireman, a conductor, and one other employee who was required to perform the duties of both brakeman and baggageman in so far as such performance was possible. Plaintiff contends that the statute was violated by requiring the brakeman at times to perform the duties of baggageman on those three-car trains.

At the outset it must be noted that the statute, being penal in its nature and in derogation of the common law, must be strictly construed, and will not be extended by implication. "Questions of doubt are to be resolved favorably to those from whom it is sought to recover the penalty." *State v. Columbian Nat. Life Ins. Co.* 141 Wis. 557, 568, 124 N. W. 502; *Highway Trailer Co. v. Janesville Electric Co.* 187 Wis. 161, 204 N. W. 773; *Miller v. Chicago & N. W. R. Co.* 133 Wis. 183, 113 N. W. 384.

Furthermore, "where the language of the statute is plain and unambiguous it is not subject to construction and is to be enforced and applied in accordance with its terms, and that construction can be resorted to only when there is real uncertainty as to the meaning and intent of the legislative declaration." *Kieckhefer Box Co. v. John Strange Paper Co.* 180 Wis. 367, 398, 189 N. W. 145, 193 N. W. 487, 196 N. W. 572. See, also, *State ex rel. Weller v. Hinkel,* 136 Wis. 66, 116 N. W. 639; *Portage County v. Columbia County,* 148 Wis. 329, 134 N. W. 908; *Bejma v. Chicago & M. E. R. Co.* 160 Wis. 527, 149 N. W. 588, 152 N. W. 180; *Groeschner v. John Gund B. Co.* 173 Wis. 366, 369, 181 N. W. 212; *State v. Smith,* 184 Wis. 664, 200 N. W. 638; *Wisconsin Pub. Serv. Co. v. Railroad Comm.* 185 Wis. 536, 201 N. W. 977; *Rush Farm D. Dist. v. Industrial Comm.* 186 Wis. 232, 202 N. W. 204.

Sec. 192.25 (1), Stats., prohibits requiring the brakeman to perform the duties of baggage-master while on the road, on trains of more than three cars, but there is no such express inhibition as to trains of three cars or less. Under the familiar rule of construction, *Expressio unius est exclusio alterius,* the express prohibition of such dual activity on trains of more than three cars excludes the intention that such prohibition is also applicable to trains of three cars or less. Likewise, expressly specifying that the required members of the permissible minimum crew for trains of three cars or less shall consist of an engineer, fireman, conductor, and brakeman, without also specifying that a baggage-master is required, excludes the intention that a baggage-master must also be provided, or that one of the specified members cannot be required to also perform the duties of baggage-master. The inhibitory provisions of the statute disclose that the legislature had in mind the evils of requiring brakemen to also attend to baggage, and that it was apparently of the opinion that the extent of the evil varied with the length of the train. If so, the omission to expressly prohibit such dual performance on trains of three cars or less, convincingly demonstrates that there was no legislative intention to impose the same restriction that was deemed proper in prohibiting such dual performance on trains of more than three cars.

Plaintiff sought to avoid the conclusions which thus result from the application of simple rules of statutory construction, by offering proof of a custom in 1907, when the statute was enacted, of having baggagemen on virtually all trains; and also proof of operating rules of the defendant which imposed upon the brakeman the duty to protect the rear of his train when it stopped under circumstances in which it might be overtaken by another train. Plaintiff claimed that the performance of that duty would be interfered with, and the safety of the train jeopardized, if the

brakeman was also required to act as baggageman. That proof was only taken subject to objections.

However, subsequently the court rightly concluded that, so far as the statute is applicable to the first and second causes of action, "there does not in fact appear to be any such ambiguity as to require a construction other than as the language itself sets forth its meaning as indicated;" and that "considering the statute as a whole and all the provisions therein, . . . there can be no other construction in harmony with established legal principles than to determine that as to the first two causes of action here there was no violation of the statute to subject the defendant to a forfeiture penalty."

In relation to the third cause of action, the court found that the defendant had operated an east-bound passenger train, consisting of an engine and three cars, between the cities of Antigo and Manitowoc, Wisconsin, with a crew consisting of an engineer, a fireman, a conductor, and one other employee who was required to perform the duties of both brakeman and baggageman in so far as such performance was possible; that two additional passenger cars were added to the train at Manitowoc, and that it then proceeded from Manitowoc to Milwaukee with the same crew; that at Manitowoc several trains begin and end their respective runs; and that the defendant employs at that city additional trainmen who were conveniently available for service on that five-car train.

It is undisputed that that east-bound train is made up and operated regularly in that manner pursuant to a fixed schedule; that with like regularity the five cars constitute a westbound train operated on a return trip from Milwaukee to Manitowoc, with an additional employee to attend to the baggage; and that after detaching two cars at Manitowoc, the three cars proceed to Antigo without that additional employee.

Upon those facts the court concluded that Manitowoc is a terminal within the meaning of sec. 192.25 (1), Stats.; that the failure of the defendant to provide an additional brakeman on the train on the portion of its run between Manitowoc and Milwaukee during which it carried more than three cars, constituted a violation of sec. 192.25 (1) by the defendant; and that the plaintiff was entitled to recover a forfeit of $100.

Defendant contends that it was not guilty because of the express proviso in the statute that it shall not "apply to trains picking up cars between terminals;" that as to that east-bound train, Antigo and Milwaukee were the terminals; and that Manitowoc was not a terminal within the meaning of the statute. The learned circuit judge held that, in so far as the word "terminal" was concerned, the statute was ambiguous and therefore required legal construction. Manifestly—in view of the facts and circumstances established as to that train, and in relation to Manitowoc as a station at which several trains regularly begin and end their respective runs, and at which the defendant employs additional trainmen who were conveniently available for service between Manitowoc and Milwaukee on the train in question,—upon attempting to apply the statute it became proper to resort to legal construction to determine whether Manitowoc was a terminal within the contemplation of that enactment. It certainly was a terminal as to two of the cars and the additional employee who was carried to handle the baggage of the regular, corresponding five-car west-bound train from Milwaukee to Manitowoc, although that train proceeded on to Antigo after cutting off two of the cars and leaving the baggage-master at Manitowoc. Then why was it not also the terminal as far as those two cars, and the five-car east-bound train, are concerned, when those two cars were attached and that train was regularly made up at Manitowoc for the trip to Milwaukee? The daily addition at Manitowoc, which

was an established terminal for some of defendant's trains, of two cars to make up the regularly scheduled five-car train for service between Manitowoc and Milwaukee, constituted more than a mere picking up of cars between terminals, within the contemplation of that statute. The term "picking up," as used in that statute, contemplates merely the casual addition to a train, while *en route* between terminals, of cars which, because of some emergency or exceptional situation, must be hauled by that train, the regular scheduled service of which does not include hauling such additional cars.

In construing the statute in relation to the third cause of action, the trial court rightly concluded that it "was intended to relieve the railroad company from providing an extra brakeman where cars were picked up *en route* at places other than some terminal at which it is likely to have and may readily provide for such extra brakeman;" but that it "was not intended to enable the railroad company to, for instance, have a passenger train pick up several additional cars at a general terminal point, say fifty miles beyond the starting point, and thereafter to proceed with this enlarged train over the greater portion of the route to the terminal of the train without the additional brakeman which the law seems to consider necessary and to require."

*By the Court.*—Judgment affirmed.